■ RICHARD D. BROWER, Individually and as President of Uniformed Fire Officers Associates, Local 854, IAF, AFL-CIO, et al., Respondents, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants.—Order, Supreme Court, New York County (Phyllis B. Gangel-Jacob, J.), entered on December 29, 1989, which granted the petition to the extent of enjoining respondents from closing fire Battalions 25, 34, 56 and 59 until they have fully complied with section 487 of the New York City Charter, unanimously reversed, on the law and the facts, and the respondents' cross-motion to dismiss the petition is granted, without costs. The clerk is directed to enter judgment in favor of the respondents-appellants dismissing the petition.

On or about July 17, 1989, pursuant to section 487 of the New York City Charter, the respondent Fire Commissioner sent notices to various members of the New York City Council and other individuals stating that Battalions 25, 34, 56 and 59 would be closed on or after September 5, 1989. By a petition sworn to on October 4, 1989 petitioners sought a declaration that the said notices were unlawful and further sought an injunction enjoining the closing of said battalions. Petitioners moved for a temporary injunction and respondents crossmoved to dismiss the petition.

The argument of the petitioners is that the notice was inadequate because it failed to contain "supporting documentation" required by section 487. Subdivision (a) of that section reads, in part as follows: "The commissioner shall have sole and exclusive power and perform all duties for the government, discipline, management, maintenance and direction of the fire department and the premises and property in the custody thereof, *however, the commissioner shall provide written notice with supporting documentation at least forty-five days prior to the permanent closing of any firehouse* or the permanent removal or relocation of any fire fighting unit to the council members, community boards and borough presidents whose districts are served by such facility or unit and the chairperson of the council's public safety committee." (Emphasis added.)

Contrary to the decision of the motion court, we find that the notice complied with section 487. First, said section was passed in order to give political officials and others time and information to respond adequately to any contemplated fire house closing. The legislation followed the closing of a fire house on a Sunday in January 1988 without notice to the public. Second, the notice included the basic reasons for the closing, namely, budgetary considerations and an explanation as to why the responsibilities borne by these units were particularly amenable to being assumed by other units as well as general information supporting those reasons. In passing the legislation, the City Council did not define the phrase "supporting documentation", but it should be given a meaning in accordance with the intent of the legislation. The intent, as previously stated, was to insure adequate time and information for the City Council and others to respond to a closing contemplated by the executive branch of government. The information here submitted sufficiently met that requirement. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.